```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
                                          E.D. Bankr. Case
In re:                                    No. 8-06-73210-reg

     MAURY B. JOSEPHSON                   MEMORANDUM & ORDER
                                          09-CV-3371 (JS)
                    Debtor.
----------------------------------X
```
APPEARANCES:
For Appellant:      Maury B. Josephson, Esq.
                    Law Office of Maury B. Josephson, P.C.
                    626 RXR Plaza
                    Uniondale, NY 11556

For Appellees:
Option One Mortgage Gregg P. Tabakin, Esq.
                    Fein, Such, Kahn & Shephard, PC
                    7 Century Drive
                    Parsippany, NJ 07054

Remaining Appellees Mickee M. Hennessy, Esq.
                    Thomas A. Draghi, Esq.
                    Westerman, Ball, Ederer, Miller &
                    Sharfstein, LLP
                    1201 RXR Plaza
                    Uniondale, NY 11556

SEYBERT, District Judge:

Pending before this Court are the Appellees' motions to dismiss the appeal of Maury B. Josephson ("Josephson" or "Debtor" or "Plaintiff-Appellant"). Josephson appeals from an Order of Bankruptcy Judge Robert E. Grossman, dated June 19, 2009, which granted summary judgment to Defendants-Appellees, US Bank National Association, as Trustee for the Structured Asset Investment Loan Trust 2005-5, Structured Asset Investment Loan Trust 2005-5, Option One Mortgage Corporation, and American Home

Mortgage Servicing, Inc. ("Defendants-Appellees"). Judge Grossman held that the (1) Debtor could not avoid a valid pre-petition mortgage under 11 U.S.C. § 544; and (2) post-petition recording of assignments of a prior duly recorded pre-petition mortgage did not violate the automatic stay provisions of 11 U.S.C. § 362, because the mortgage was not property of the Debtor's estate. For the reasons set forth below, Judge Grossman's Order is AFFIRMED and Appellees' motions are GRANTED.

BACKGROUND

On December 23, 2004, Josephson executed and delivered an Adjustable Rate Note ("Note") and Mortgage ("Mortgage") to M.L. Moskowitz, d/b/a Equity Now ("Equity Now"). (R. Docket No. 1-2; Compl. ¶¶ 7, 13.) The Mortgage was duly recorded on January 24, 2005. (R. at Docket No. 1-11.) Shortly thereafter, Equity Now assigned its interests in the Note and Mortgage to Option One. (R. at Docket No. 1-12.) On September 15, 2006, Option One assigned its interests in the Mortgage to The Structured Asset Investment Loan Trust, 2005-5 ("Trust"), and on October 13, 2006, executed and delivered an Assignment of Mortgage to the Trust. (R. at Docket No. 1-13.) On or about December 14, 2006, Option One recorded the assignment of its interests in the Mortgage to the Trust. (R. at Docket No. 1-2; Compl. ¶ 22.) Since September 15, 2006, the Trust has been the owner and holder of the original Note and Mortgage, which

2

documents are retained for the Trust by its Custodian, Wells Fargo Bank, N.A. (R. at Docket No. 1-10.)

On December 8, 2006, Plaintiff-Appellant filed a voluntary Chapter 13 petition with the Bankruptcy Court. Two years later, on December 8, 2008, Plaintiff-Appellant commenced this adversary proceeding against Defendants-Appellees. On April 3, 2009, Defendants-Appellees filed motions for summary judgment seeking to dismiss the Complaint. On June 19, 2009, the Bankruptcy Court granted summary judgment to Defendants-Appellees and dismissed Plaintiff-Appellant's Complaint. On June 25, 2009, Plaintiff-Appellant filed this appeal.

DISCUSSION

I. Standard of Review

Federal district courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges. FED. R. BANKR. P. 8013. The Bankruptcy Court's "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous." Id.; see also In re Momentum Mfg. Co., 25 F.3d 1132, 1136 (2d Cir. B.A.P. 1994); In re PCH Assocs., 949 F.2d 585, 597 (2d Cir. B.A.P. 1991). The Bankruptcy Court's legal conclusions, however, are reviewed de novo. See In re Momentum Mfg. Co., 25 F.3d at 1136.

II. <u>11 U.S.C. § 544</u>

Section 544 outlines the very broad strong-arm power of a bankruptcy trustee. It states, in relevant part:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by--
>
> . . . .
>
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3).

In this case, Plaintiff-Appellant argues that the Defendants-Appellees are unperfected lien-holders; therefore, Josephson maintains, their interests in his home can be avoided. But this argument is misplaced, and asks this Court to ignore Josephson's delivery of the Note and Mortgage to Equity Now on December 23, 2004. As the Bankruptcy Court correctly held, all interests transferred to and perfected by Equity Now were not part of the Debtor's estate for nearly two years prior to the filing of the Petition. Accordingly, the Defendants-Appellees' interests in the property cannot be avoided under Section 544.

4

III. <u>11 U.S.C. § 362</u>

As Appellees correctly point out, 11 U.S.C. §§ 362(a)(4)-(5) are the only relevant sections for purposes of Appellant's appeal. These subsections provide:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of--
>
> . . . .
>
> (4) any act to create, perfect, or enforce any lien against property of the estate;
>
> (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

11 U.S.C. §§ 362(a)(4)-(5).

Based on the plain meaning of this statute, subsection (4) and (5) are inapplicable to the case at hand; these subsections only apply when there is some act against "property of the estate" or "property of the debtor". Simply put, the property at issue here no longer belonged to the estate after December 23, 2004. Therefore, notwithstanding Appellant's arguments to the contrary and citation of inapposite cases, Section 362 is inapplicable, and Appellant is not entitled to

relief on this ground.

## CONCLUSION

For the aforementioned reasons, the Court GRANTS the Appellee's motion to dismiss the appeal. The Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   September 30, 2010
         Central Islip, New York